IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER CHAFIN,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:24-cv-00135

STEVE CAUDILL, et al.,

        Defendants.

**ORDER**

Before the Court is Defendants Steve Caudill, Jason Hutson, and Joseph Wood's ("Defendants") Motion for Protective Order and to Stay Discovery.  (ECF No. 31.)  Under Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," through limiting discovery.  Fed. R. Civ. P. 26(c).

"The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket."  *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977).  In making this determination, district courts have broad discretion.  *Hickey v. Baxter*, 833 F.2d 1005, at *1 (4th Cir. 1987) (unpublished opinion).  "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative."  *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).  To determine whether the moving part has met this

burden, the court must consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Clark v. Appalachian Power Co.*, 2025 WL 72165 at *2 (Jan. 10, 2025) (citations omitted).

Defendants argue that discovery should be stayed because "there are threshold immunity questions for the Court to resolve," and "there is a significant chance this Court will agree that these Defendants are entitled to such immunity." (ECF No. 32 at 5.) Furthermore, aside from broadly asserting that the "criteria weigh in favor of granting these Defendants a stay and protective order," Defendants have offered limited arguments for the three factors. (*Id.* at 3.) The first factor, judicial economy, weighs only slightly in Plaintiff's favor, as the Court prefers to stick to previously established schedules. The second factor, hardship and equity to the moving party, weighs in Plaintiff's favor. Defendants did not offer any arguments as to this factor, and Plaintiff has correctly asserted that even if Defendants are dismissed, WVDCR would still have to produce discovery materials for the remaining parties. The final factor, potential prejudice to the non-moving party, weighs slightly in Plaintiff's favor because delays in discovery could result in degrading memories and documents and witnesses becoming more difficult to access. Because these factors slightly weigh in Plaintiff's favor, and because this Court has broad discretion in granting or denying stays, Defendants' motion, (ECF No. 31), is **DENIED**.

Also before the Court is Defendants' Motion to Dismiss Complaint. (ECF No. 9.) Because the Complaint has been amended, (ECF No. 78), and because Defendants have filed a Motion to Dismiss Amended Complaint, (ECF No. 85), Defendants' original Motion to Dismiss Complaint, (ECF No. 9), is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

          ENTER:     March 7, 2025

          THOMAS E. JOHNSTON
          UNITED STATES DISTRICT JUDGE